# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS SHIPPY<br>71545 Gas Station Shippey Road<br>Saint Clairsville, Ohio 43950,<br><br>    Plaintiff,<br><br>    v.<br><br>WHEELING TOWNSHIP<br>C/O BOARD OF TRUSTEES<br>71701 Fairpoint Shepherdstown Road<br>St. Clairsville, Ohio 43950<br><br>  -and-<br><br>STEVE VCELKA<br>71701 Fairpoint Shepherdstown Road<br>St. Clairsville, Ohio 43950<br><br>  -and-<br><br>WILLIAM ANDROSKO SR.<br>48640 Center Street Midway<br>St. Clairsville, Ohio 43950<br><br>  -and-<br><br>MIKE DRAKE<br>71701 Fairpoint Shepherdstown Road<br>St. Clairsville, Ohio 43950,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO.<br><br>JUDGE:<br><br><br><br>**COMPLAINT FOR DAMAGES**<br>**AND INJUNCTIVE RELIEF**<br><br>**JURY DEMAND ENDORSED**<br>**HEREIN** |

Plaintiff, Dennis Shippy, by and through undersigned counsel, as his Complaint against Defendants Wheeling Township c/o Board of Trustees ("Wheeling"), Steve Vcelka, William Androsko Sr., and Mike Drake, states and avers the following:

## PARTIES AND VENUE

1. Shippy is a resident of Belmont County, Ohio.

2. Wheeling is a township in Belmont County, Ohio.

3. Wheeling is a political subdivision of the state of Ohio.

4. Vcelka is a resident of the state of Ohio.

5. Vcelka was a township trustee of Wheeling.

6. Androsko is a resident of the state of Ohio.

7. Androsko was a township trustee of Wheeling.

8. Drake is a resident of the state of Ohio.

9. Drake was a township trustee of Wheeling.

10. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Shippy is alleging a Federal Law Claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*; the Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601 *et seq.*; and the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

11. All material events alleged in this Complaint occurred in Belmont County, Ohio.

12. This Court has supplemental jurisdiction over Shippy's state law claims pursuant to 28 U.S.C. § 1367 as Shippy's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

14. Within 300 days of the conduct alleged below, Shippy filed Charges of Discrimination with the Ohio Civil Rights Commission ("OCRC"), Charge Nos. COLB1(49878)07082022, COLB1(49879)07082022, COLB1(49880)07082022, and COLB1(49881)07082022 against Wheeling, Vcelka, Androsko, and Drake, respectively ("Shippy OCRC Charges").

15. Shippy dually filed the Shippy OCRC Charges with the OCRC and the Equal Employment Opportunity Commission.

16. On or about November 17, 2022, the OCRC issued Notice of Right to Sue letters to Shippy regarding the Shippy OCRC Charges. See attached Exhibits A, B, C, and D.

17. Shippy has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letters.

18. Shippy has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

19. Shippy has properly exhausted his administrative remedies pursuant to R.C. § 4112.052.

## FACTS

20. On or about April 30, 2020, Shippy began working for Wheeling.

21. Wheeling initially employed Shippy as a member of its road crew.

22. In or about February 2021, Wheeling promoted Shippy to the position of road supervisor.

23. Wheeling is a political subdivision of the state of Ohio and therefore is an employer as defined in 29 U.S.C. § 2611(4).

24. As of on or about April 30, 2021, Shippy was employed by Wheeling for at least 12 months and had at least 1,250 hours of service with Wheeling and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

25. In or about March 2021, Shippy began experiencing severe nausea, back pain, and chest pain ("Gallbladder Condition").

26. On or about April 27, 2021, Shippy injured his rotator cuff ("Shoulder Condition").

27. On or about April 27, 2021, Shippy's doctor told him that he should not lift heavy loads because of the Shoulder Condition.

28. On or about April 27, 2021, Shippy's doctor told him that he needed to have his gallbladder removed due to his Gallbladder Condition.

3

29. Shippy's Shoulder Condition was a physical impairment.

30. Shippy's Shoulder Condition significantly limited him in one or more major life activities, including lifting.

31. Shippy's Gallbladder Condition was a physical impairment.

32. Shippy's Gallbladder Condition significantly limited him in one or more major life activities, including working.

33. Shippy has a record of physical impairments.

34. Because of Shippy's Shoulder Condition, Defendants perceived Shippy as disabled.

35. Because of Shippy's Gallbladder Condition, Defendants perceived Shippy as disabled.

36. Shippy received continuing treatment from his doctor in connection with the Shoulder Condition.

37. Shippy received continuing treatment from his doctor in connection with the Gallbladder Condition.

38. Hereinafter, Shippy's Shoulder Condition and Gallbladder Condition are collectively called "Shippy's Conditions."

39. On or about April 27, 2021, Shippy requested leave due to Shippy's Conditions ("Leave Request").

40. The Leave Request was a request for disability accommodation.

41. The Leave Request was a request for FMLA leave.

42. The Leave Request was reasonable.

43. On or about April 27, 2021, Wheeling approved the Leave Request.

44. Wheeling approved the Leave Request because the Leave Request was reasonable.

45. On or about June 2, 2021, Wheeling terminated Shippy's employment ("Termination").

46. Vcelka was involved in the decision to give Shippy the Termination.

47. Androsko was involved in the decision to give Shippy the Termination.

48. Drake was involved in the decision to give Shippy the Termination.

49. Wheeling gave Shippy the Termination while he was out on leave.

50. On or about June 2, 2021, Shippy qualified for FMLA leave.

51. The Termination was an adverse employment action.

52. The Termination was an adverse action.

53. Wheeling has a progressive disciplinary policy ("Discipline Policy").

54. A verbal warning is the lowest level of discipline in the Discipline Policy.

55. Shippy did not receive a verbal warning before the Termination.

56. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

57. Shippy did not receive a written warning before the Termination.

58. A termination is the highest level of discipline in the Discipline Policy.

59. Wheeling knowingly skipped progressive disciplinary steps in terminating Shippy's employment.

60. Wheeling knowingly terminated Shippy's employment.

61. Wheeling knowingly took an adverse employment action against Shippy.

62. Wheeling knowingly took an adverse action against Shippy.

63. Wheeling intentionally skipped progressive disciplinary steps in terminating Shippy's employment.

64. Wheeling intentionally terminated Shippy's employment.

65. Wheeling intentionally took an adverse employment action against Shippy.

66. Wheeling intentionally took an adverse action against Shippy.

67. Wheeling knew that skipping progressive disciplinary steps in terminating Shippy's employment would cause Shippy harm, including economic harm.

68. Wheeling knew that terminating Shippy's employment would cause Shippy harm, including economic harm.

69. Wheeling willfully skipped progressive disciplinary steps in terminating Shippy's employment.

70. Wheeling willfully terminated Shippy's employment.

71. Wheeling willfully took an adverse employment action against Shippy.

72. Wheeling willfully took an adverse action against Shippy.

73. At the time of the Termination, Shippy was 55 years old.

74. Androsko was not involved in the decision to hire Shippy.

75. After the Termination, Wheeling replaced Shippy with an employee under age 40.

76. On or about June 2, 2021, Defendants terminated Shippy's employment because of his disability.

77. On or about June 2, 2021, Defendants terminated Shippy's employment because of his perceived disability.

78. On or about June 2, 2021, Defendants terminated Shippy's employment because of his age.

79. On or about June 2, 2021, Defendants terminated Shippy's employment in retaliation for his requesting a disability accommodation.

80. On or about June 2, 2021, Defendants terminated Shippy's employment in retaliation for his use of qualified FMLA leave.

81. On or about June 2, 2021, Defendants terminated Shippy's employment in order to interfere with his use of qualified FMLA leave.

82. As a direct and proximate result of Defendants' conduct, Shippy suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

**(Defendant Wheeling)**

83. Shippy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

84. Defendants treated Shippy differently than other similarly-situated employees based on his disabling condition.

85. Defendants treated Shippy differently than other similarly-situated employees based on his perceived disabling condition.

86. On or about June 2, 2021, Defendants terminated Shippy's employment without just cause.

87. Defendants terminated Shippy's employment based on his disability.

88. Defendants terminated Shippy's employment based on his perceived disability.

89. Defendants violated ADA when they discharged Shippy based on his disability.

90. Defendants violated ADA when they discharged Shippy based on his perceived disability.

91. Defendants violated ADA by discriminating against Shippy based on his disabling condition.

92. Wheeling violated ADA by discriminating against Shippy based on his perceived disabling condition.

93. As a direct and proximate result of Defendants' conduct, Shippy suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

**(Defendant Wheeling)**

94. Shippy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

95. Defendants treated Shippy differently than other similarly-situated employees based on his disabling condition.

96. Defendants treated Shippy differently than other similarly-situated employees based on his perceived disabling condition.

97. On or about June 2, 2021, Defendants terminated Shippy's employment without just cause.

98. Defendants terminated Shippy's employment based on his disability.

99. Defendants terminated Shippy's employment based on his perceived disability.

100. Defendants violated R.C. § 4112.02 when they discharged Shippy based on his disability.

101. Defendants violated R.C. § 4112.02 when they discharged Shippy based on his perceived disability.

102. Defendants violated R.C. § 4112.02 by discriminating against Shippy based on his disabling condition.

103. Wheeling violated R.C. § 4112.02 by discriminating against Shippy based on his perceived disabling condition.

104. As a direct and proximate result of Defendants' conduct, Shippy suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT III: AGE DISCRIMINATION IN VIOLATION OF ADEA

### (Defendant Wheeling)

105. Shippy restates each and every prior paragraph of this complaint, as if it were fully restated herein.

106. At the time of the Termination, Shippy was 65 years old.

107. At all times relevant, Shippy was a member of a statutorily-protected class under ADEA.

108. Defendants treated Shippy differently from other similarly-situated employees based on his age.

109. At all times herein, Shippy was fully qualified for his position and employment with Wheeling.

110. Shippy, at age 65, was a member of a statutorily-protected class under ADEA at the time he was terminated from his employment with Wheeling.

111. After terminating Shippy's employment, Wheeling replaced Shippy with a person who was significantly younger and/or not belonging to the protected class under ADEA.

112. Wheeling violated ADEA by discriminating against Shippy based on his age.

113. As a direct and proximate result of Defendants' conduct, Shippy suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT IV: AGE DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

### (Defendant Wheeling)

114. Shippy restates each and every prior paragraph of this complaint, as if it were fully restated herein.

115. At the time of the Termination, Shippy was 65 years old.

116. At all times relevant, Shippy was a member of a statutorily-protected class under R.C. § 4112.14(B).

117. Defendants treated Shippy differently from other similarly-situated employees based on his age.

118. At all times herein, Shippy was fully qualified for his position and employment with Wheeling.

119. Shippy, at age 65, was a member of a statutorily-protected class under R.C. § 4112.14(B) at the time he was terminated from his employment with Wheeling.

120. After terminating Shippy's employment, Wheeling replaced Shippy with a person who was significantly younger and/or not belonging to the protected class under R.C. § 4112.14(B).

121. Wheeling violated R.C. § 4112.01 *et seq.* by discriminating against Shippy based on his age.

122. As a direct and proximate result of Defendants' conduct, Shippy suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### COUNT V:  RETALIATION IN VIOLATION OF ADA
### (Defendant Wheeling)

123. Shippy restates each and every prior paragraph of this complaint, as if it were fully restated herein.

124. As a result of Shippy's Conditions, Shippy requested a disability accommodation, including leave from work.

125. Subsequent to Shippy's requesting a disability accommodation, Defendants terminated his employment.

126. Defendants' actions were retaliatory in nature based on Shippy's requesting a disability accommodation.

127. Pursuant to ADA, it is an unlawful discriminatory practice to retaliate against an employee for requesting a disability accommodation.

128. As a direct and proximate result of Defendants' conduct, Shippy suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VI: RETALIATION IN VIOLATION OF R.C. § 4112.02(I)

### (All Defendants)

129. Shippy restates each and every prior paragraph of this complaint, as if it were fully restated herein.

130. As a result of Shippy's Conditions, Shippy requested a disability accommodation, including leave from work.

131. Subsequent to Shippy's requesting a disability accommodation, Defendants terminated his employment.

132. Defendants' actions were retaliatory in nature based on Shippy's requesting a disability accommodation.

133. Pursuant to R.C. § 4112.02(I), it is an unlawful discriminatory practice to retaliate against an employee for requesting a disability accommodation.

134. As a direct and proximate result of Defendants' conduct, Shippy suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT VII: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

### (All Defendants)

135. Shippy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

136. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

137. Wheeling is a covered employer under FMLA.

138. During his employment, Shippy qualified for FMLA leave.

139. During his employment, Shippy attempted to request FMLA leave.

140. Defendants failed to advise Shippy properly of his rights under FMLA.

141. Defendants terminated Shippy's employment while he was out on qualified FMLA leave.

142. Defendants unlawfully interfered with Shippy's exercise of his rights under FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.

143. As a direct and proximate result of Defendants' conduct, Shippy is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## COUNT VIII: RETALIATION IN VIOLATION OF FMLA

### (All Defendants)

144. Shippy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

145. During his employment, Shippy utilized FMLA leave.

146. After Shippy utilized his qualified FMLA leave, Defendants retaliated against him.

147. Defendants retaliated against Shippy by terminating his employment.

148. Defendants willfully retaliated against Shippy in violation of 29 U.S.C. § 2615(a).

149. As a direct and proximate result of Defendants' wrongful conduct, Shippy is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

## **COUNT IX: UNLAWFUL AIDING, ABETTING, AND INCITING OF DISCRIMINATION**

**(Defendants Vcelka, Androsko, and Drake)**

150. Shippy restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

151. Pursuant to R.C. § 4112.02(J), it is unlawful "[f]or any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice..."

152. Defendants aided, abetted, incited, coerced, and/or compelled Wheeling's discriminatory termination of Shippy.

153. Defendants aided, abetted, incited, coerced, and/or compelled Wheeling's discriminatory suspension of Shippy's employment.

154. Defendants aided, abetted, incited, coerced, and/or compelled Wheeling's discriminatory treatment of Shippy.

155. Defendants violated R.C. § 4112.02(J) by aiding, abetting, and inciting discrimination.

156. As a direct and proximate result of Defendants' conduct, Shippy has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## **DEMAND FOR RELIEF**

WHEREFORE, Plaintiff Shippy respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i) Requiring Wheeling to abolish discrimination, harassment, and retaliation;

    (ii) Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii) Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv) Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Wheeling to restore Shippy to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Shippy for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $25,000;

(e) An award of reasonable attorneys' fees and non-taxable costs for Shippy claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Trisha Breedlove*_____
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Dennis Shippy*

## JURY DEMAND

Plaintiff Shippy demands a trial by jury by the maximum number of jurors permitted.

*/s/ Trisha Breedlove*_____
Trisha Breedlove (0095852)
Paul Filippelli (0097085)